Ronald L. Hodgson Clay County Attorney 2nd Floor Courthouse P.O. Box 134 Clay Center, Kansas 67432
Dear Mr. Hodgson:
As county attorney you request an opinion regarding K.S.A. 1993 Supp. 60-3331 which establishes civil penalties for shoplifting. You inquire whether subsection (e) precludes criminal prosecution in the event the merchant files an action under the statute.
This statute authorizes merchants to file civil actions against any person who shoplifts. Damages may be in an amount equal to twice the amount of the merchandise or $50, which ever is greater. If the merchandise is recovered in merchantable condition, damages are limited to 50% of the retail cost or $50 whichever is greater, subject to an overall maximum of $350. A conviction or a plea of guilty to the offense of theft of the merchandise is not a prerequisite to the filing of a civil action.
Subsection (e) provides:
 "Nothing contained in this act shall be construed to preclude a merchant from pursuing any other remedy at law or equity prior to filing an action under this act."
In determining legislative intent, the historical background, legislative proceedings and changes made in the statutes during the course of the their enactment are considered. Urban Renewal Agency ofKansas City v. Decker, 197 Kan. 157 (1966). During the hearings there was concern that it would not be fair if a merchant could obtain both restitution as a result of a criminal proceeding in addition to a civil penalty. However, a motion to prohibit both a civil penalty and restitution failed. Minutes, House Judiciary Committee, March 17, 1993. Testimony from this office indicated that the civil penalty was supplemental to any restitution ordered by a court in a criminal prosecution. Minutes, Senate Judidiary Committee, February 5, 1993, attachment 3.
Finally, subsection (e) provides that nothing shall preclude amerchant from pursuing any other remedy. A criminal prosecution for theft is brought by the state — not the merchant. K.S.A. 22-2104, Statev. Hanks, 236 Kan. 524, 534 (1985). K.S.A. 21-3103 preserves all civil remedies which are based on criminal conduct. Consequently, it is our opinion that an action filed pursuant to K.S.A. 1993 Supp. 60-3331 does not preclude the institution of a criminal prosecution.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm